JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

BRIAN J. STRETCH (CSBN 163973)
Chief, Criminal Division

PATRICIA J. KENNEY (CSBN 130238)
Assistant United States Attorney

   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102-3495
   Telephone: 415.436.6857
   Facsimile:  415.436.6748

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> $40,000 IN UNITED STATES CURRENCY, <br><br> Defendant. | No. C 09-4918 SI <br><br> REQUEST TO THE CLERK TO ENTER A DEFAULT AND REQUEST TO TAKE THE JANUARY 29, 2010 CMC OFF CALENDAR |

     The United States of America, through its undersigned counsel, respectfully requests the Clerk to enter a default in this case pursuant to Rule 55(a), Federal Rules of Civil Procedure, and Rules 6-1 and 6-2, Admiralty Local Rules, on the basis that proper notice has been given, and that the no claim has been filed by any party claiming any right, title or interest in the above captioned defendant. Once the Clerk enters a default, the United States plans to move for a default judgment.

     Further, because no one has appeared to defend, a case management conference would not assist the Court at this juncture in moving the case forward. Thus, the United States also requests the Clerk to take the case management conference off calendar.

## I. Background

On October 15, 2009, the United States filed this action to obtain the forfeiture of the above captioned defendants pursuant to 21 U.S.C. § 881(a)(6). *See* Complaint for Forfeiture, filed October 15, 2009. On October 21, 2009, the United States gave notice to parties who might have an interest by serving a copy of the Complaint for Forfeiture plus related documents on Erik Freeman and his attorney, Mark A. Pecora, at their last known addresses. *See* Certificate of Service, filed October 21, 2009. Prior to the commencement of this action, Erik Freeman through his attorney, Mark A. Pecora, filed an administrative claim with the DEA in which Erik Freeman claimed to own defendant $40,000.

The United States also published notice of this action on an official government internet site for at least 30 consecutive days, beginning on October 21, 2009, as required by Rule G(4)(a)(iv)(C), Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supp. Rule for Asset Forfeiture _____"). *See* Declaration of Publication, filed on January 22, 2010. To date, no one has filed a claim to the above captioned defendants or an answer to the Complaint for Forfeiture. *See* docket sheet.

## II. Request for Entry of A Default

The United States gave direct notice by service of the Complaint for Forfeiture and related documents to persons known to have an interest as required by Rule G(4)(b). *See* Supp. Rule for Asset Forfeiture G(4)(b). The United States also provided notice through an official government internet site as required by Rule G(4)(a)(iv)(C). *See* Supp. Rule for Asset Forfeiture G(4)(a)(iv)(C).

In order to appear and defend property named as defendant in a civil forfeiture action, an individual receiving direct notice must file a claim within 35 days after receiving that notice unless the Court extends time. *See* Supp. Rule for Asset Forfeiture G(5)(a)(i) and G(5)(a)(ii)(A). Otherwise, an individual asserting an interest in defendant property who did not receive direct notice must file a claim not later than 30 days after final publication in a newspaper or not later than 60 days after the first date of publication on an official internet government forfeiture site. *See* Supp. Rule for Asset Forfeiture G(5)(a)(ii)(B). After filing a timely claim, an individual

seeking to defend the property in a forfeiture action has an additional 20 days to file an answer. *See* Supp. Rule for Asset Forfeiture G(5)(b).

In this case, no person has filed a claim or answer within the time limits. Therefore, no one has asserted the right to defend the above captioned defendants. Accordingly, the United States requests the Clerk to enter a default. Upon entry of a default, the United States will move for a default judgment.

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

Dated: January 26, 2010

            /s/
PATRICIA J. KENNEY
Assistant United States Attorney

A motion for entry of default judgment has been reserved for hearing on Friday, April 16, 2010, at 9:00 a.m.



IT IS SO ORDERED — Judge Susan Illston (United States District Court, Northern District of California)